# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 5:19-cr-243 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| MATTHEW L. SHILLING, | ) | |
| | ) | |
| DEFENDANT. | ) | |

On November 8, 2019, defendant Matthew L. Shilling ("Shilling") was sentenced to a term of 70 months imprisonment, following his guilty pleas to three counts of interference with commerce by robbery, in violation of 18 U.S.C. § 1951(a); and one count of bank robbery, in violation of 18 U.S.C. § 2113(a). (Doc. No. 22 (Judgment); *see* Minutes of Proceedings [non-document], 11/8/2019; *see also* Doc. No. 14 (Indictment).) Now before the Court is Shilling's motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 821 to the United States Sentencing Guidelines. (Doc. No. 27 (Motion).) Plaintiff United States of America (the "government") opposes the motion (Doc. No. 28 (Response)), and Shilling has filed a reply. (Doc. No. 29 (Reply).)

The Court employs a two-step approach to deciding whether to reduce a sentence based on a retroactive amendment to the federal sentencing guidelines. First, the Court must consider the scope of the reduction authorized by the amendment, and then it must consider whether such a

reduction is warranted based on the factors set forth in 18 U.S.C. § 3353(a). *Dillon v. United States*, 560 U.S. 817, 826, 130 S. Ct. 2683, 177 L. Ed. 2d 271 (2010) (citing § 3582(c)(2)).

Shilling moves for a reduction in the term of imprisonment imposed based on a guideline sentencing range that has subsequently been lowered and made retroactive by the United States Sentencing Commission pursuant to 28 U.S.C. § 994(o). Specifically, he argues that he is eligible for a reduced sentence under Amendment 821, Part A, which affected the sentencing guidelines' treatment of offenses committed while under a criminal justice sentence. (*See* Doc. No. 27, at 1[1]– 2.) Part A of Amendment 821, which now appears in the guidelines at § 4A1.1(e), limits the criminal history impact of "status points," decreasing them by 1 point for individuals with 7 or more criminal history points and eliminating status points for those with 6 or fewer criminal history points. *See* U.S.S.G. § 4A1.1(e). The Amendment was given retroactive effect, provided that any order reducing a term of imprisonment based on retroactive application of Amendment 821 have an effective date of February 1, 2024, or later. *See* § 1B1.10(e)(2) (Nov. 1, 2023).

At the time of sentencing, the Court calculated Shilling's base offense level to be 20. (*See also* Doc. No. 20 (Final PSR), at 5 ¶ 15.) After the appropriate adjustments were applied—a 2-level increase, pursuant to § 2B3.1(b)(1), because the property belonged to a financial institution; a 4-level increase, pursuant to § 2B3.1(b)(2)(D), because a weapon was used; a 3-level increase, pursuant to § 3D1.4, for the number of units assigned; and a 3-level reduction for acceptance of responsibility—the resulting total offense level was 26. (*See also id*. at 6–7 ¶¶ 34–35, 42, 45–47.) Shilling had a prior conviction for driving under the influence that scored one criminal history

---

[1] All page number references herein are to the consecutive page numbers applied to each individual document by the Court's electronic filing system.

point. (*See also id.* at 8 ¶¶ 53–54.) Two more points were added because Shilling was under a criminal justice sentence at the time of the instant offenses. (*See also id.* at 8 ¶ 55.) With a total of 3 criminal history points, the guidelines dictated that he was a criminal history category II. (*See also id.* at 9 ¶ 56.) The advisory guideline range at offense level 26, criminal history category II was 70 to 87 months. (*See also id.* at 12 ¶ 81.) The Court imposed a low-end sentence of 70 months. (*See* Doc. No. 22.)

In his motion, Shilling requests that the Court reduce his sentence to 63 months, based on the amended guideline range applicable following the changes made to "status points" under Part A of Amendment 821. (Doc. No. 27, at 1.) Under the Amendment, because Shilling had 6 or fewer criminal history points, his "status points" would be eliminated, resulting in a total criminal history score of 1, which correlates to a criminal history category I. With a total offense level of 26 and a criminal history category of I, his amended sentencing guideline range is 63 to 78 months. He requests a new sentence at the lowest-end of the amended advisory sentencing range; namely, 63 months. (*See id.*) In support, he points to the fact that he has already been placed in a halfway house in Youngstown. If released, he plans to live with his mother and continue to work. (*Id.* at 3.)

The government concedes that Shilling is eligible for a sentence reduction under Part A, but it urges the Court to exercise its discretion in denying Shilling's motion (Doc. No. 28, at 1, 6.) The government argues that "while the law has changed, the facts that justified his original sentence have not. Given the severity of the crime[s] and [Shilling's] history of violating probation, he still presents a high risk of recidivism and remains a danger to the community." (*Id.* at 6.)

The Court agrees with the parties that Shilling is eligible for consideration of a sentence reduction under Part A. *See* U.S.S.G. § 1B1.10. Having concluded the amended guidelines range would have been applicable to Shilling had the Amendment been in effect at the time of sentencing, the Court proceeds to the second step of the analysis and considers whether such a reduction is warranted based on the factors set forth in § 3553(a). *Dillon*, 560 U.S. at 826 (citing § 3582(c)(2)).

Subject to the limits set forth in U.S.S.G. § 1B1.10(b), a court may consider all pertinent information in applying the § 3553(a) factors and determining whether and by how much to reduce a defendant's sentence. *Dillon*, 560 U.S. at 821–22; *see United States v. Sherwood*, 986 F.3d 951, 954 (6th Cir. 2021) (citing 18 U.S.C. § 3553(a) and directing district courts to consider all relevant statutory sentencing factors). Section 3553(a), in addition to requiring consideration of the applicable guidelines and policy statements of the Sentencing Commission, requires the sentencing judge to consider the nature and circumstances of the offense and the history and characteristics of the defendant; and the need for the sentence imposed (1) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (2) to afford adequate deterrence to criminal conduct; (3) to protect the public from future crimes of the defendant; and (4) to provide the defendant with needed educational or vocation training, medical care, or other correctional treatment in the most effective manner; and (5) the kinds of sentences available. *See* 18 U.S.C. § 3553(a).

Application note 1(B)(ii) directs that "[t]he court shall consider the nature and seriousness of the danger to any person or the community that may be posed by a reduction in the defendant's term of imprisonment[.]" U.S.S.G. § 1B1.10 app. n. 1(B)(ii). Application note 1(B)(iii) further directs that "[t]he court may consider post-sentencing conduct of the defendant that occurred after

4

the imposition of the original term of imprisonment[.]" *Id*. app. n. 1(B)(iii).

The instant robberies were serious and dangerous and continue to warrant a significant sentence. As the Final PSR details, Shilling "committed four robberies while concealing his face with a scarf and/or ski mask. Specifically, [he] robbed two Circle K gas stations, a BP gas station, and a Chase Bank [branch.]" (*See also* Doc. No. 20, at 3 ¶ 3.) During the gas station robberies, Shilling threatened the employees with either a brandished weapon or with furtive movements that gave the impression that he was concealing a weapon. During the bank robbery, he pointed a BB gun at the teller and demanded money. As the teller was filling a bag with money, he threatened her, "Don't call the police or someone will get hurt." (*See also id*. ¶¶ 4–7.) Without question, the present robberies were the acts of a dangerous individual. The fact that he committed these illegal acts while on probation with another court suggests that Shilling is unable or unwilling to conform his behavior. (*See also id*. at 8 ¶ 55.)

Beyond noting his release to a halfway house, Shilling fails to document his post-judgment activities while incarcerated or otherwise demonstrate that he has completed any educational programs offered at his institution or served any portion of his sentence free of disciplinary infractions. Nevertheless, as it did at the time of sentencing, the Court has taken into consideration all of the § 3553(a) sentencing factors, including Shilling's stated release plan. In doing so, the Court finds that it is in agreement with the government that Shilling remains dangerous and would be a danger to the community if released. Accordingly, the Court finds that Shilling's original sentence, which falls within the amended advisory guideline range, remains appropriate and necessary to protect the public from Shilling's dangerous activities. Additionally, for the same reasons, the Court finds a reduction of his sentence would undermine the need for the sentence

imposed to reflect the seriousness of the offenses, promote respect for the law, provide just punishment for the offenses, and afford adequate deterrence.

For the foregoing reasons, defendant's motion to reduce his sentence (Doc. No. 27) is DENIED.

**IT IS SO ORDERED**.

Dated: March 5, 2024

_____
**HONORABLE SARA LIOI
CHIEF JUDGE
UNITED STATES DISTRICT COURT**